UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNA J. TAYLOR, an individual<br><br>Plaintiff,<br><br>v.<br><br>RICHARD A. RILEY, an individual,<br><br>Defendant. | Case No. 1:17-CV-00255-CWD<br><br>**MEMORANDUM AND ORDER** |

# INTRODUCTION

Pending before the Court is Plaintiff's Motion to Stay and to Permit a Limited Deposition of the Defendant During the Stay. (Dkt. 9) The motion is ripe for the Court's consideration. All parties have consented to the jurisdiction of a United Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties filed responsive briefing and the Court conducted a hearing on August 28, 2017, at which the parties appeared and presented their arguments. The Court has considered the parties' written memoranda, relevant case law, and their arguments. For the reasons outlined herein, the Court will deny Plaintiff's motion and the corresponding request for a limited deposition of the Defendant.

**MEMORANDUM AND ORDER - 1**

**BACKGROUND**

On May 10, 2017, Plaintiff Donna J. Taylor filed suit against Defendant Richard Riley. (Dkt. 1) In her complaint, Taylor alleges breach of assumed duty, breach of contract, breach of representations and/or warranties, fraud, constructive fraud, fraudulent concealment, and negligent misrepresentation. All of these claims are related to a Letter Agreement composed by Riley 22 years ago—in 1995. At the time, Riley was an attorney with Eberle, Berlin, Kading, Turnbow & McKlveen, Chartered (Eberle Berlin). He wrote the Letter Agreement on behalf of the firm's client, AIA Services, Corp. (AIA).

In 1987 and 1988, AIA issued Series A Preferred shares to Donna Taylor and Reed Taylor (Reed)[1] in connection with their divorce. The share issuances were related to Taylor's and Reed's prior investments in AIA and its wholly-owned subsidiary, AIA Insurance, Inc. In 1995, AIA agreed to increase the amortization period and applicable interest rate for the redemption of Taylor's shares. This agreement was memorialized in the Letter Agreement composed by Riley.

A series of state and federal lawsuits have been filed related to share redemption contracts and other matters between Taylor, Reed, AIA and other parties. Directly pertinent here is the June 15, 2015 decision issued by District Judge Jeff M. Brudie in the consolidated state court cases CV08-1150 and CV13-1075.[2]

---

[1] While it is not the Court's practice to refer to a party by first name, an exception has been made in this matter for the sake of clearly distinguishing Plaintiff Donna Taylor from Reed Taylor.

[2] Opinion and Order on Second Motion to Reconsider, *Taylor v. Taylor*, No. CV08-1150 and No. CV13-1075 at 4 (D. Idaho, filed June 15, 2015). This is an unpublished opinion and can either be

One of the questions Judge Brudie answered was what interest rate legally applied to the Series A Preferred shares held by Taylor. The court determined that, because shareholder approval was necessary for the increased interest rate, and because there was no record of shareholders ever voting to authorize a higher rate, "[t]he only equitable remedy for the situation as presented in 2015" was for the court to recalculate the redemptions made for Taylor's Series A Preferred shares based on the rates set forth in the provisions of the AIA Articles of Incorporation. The court found it was "the only lawful interest rate" in effect at the time. The increased rates promised in the Letter Agreement had never been approved by the shareholders and thus were not legally binding.

Pursuant to the court's recalculation of the interest rate, it found that all but 7,110 of Taylor's Series A Preferred shares had been redeemed by AIA. The court's decision is currently on appeal with the Idaho Supreme Court. Taylor seeks to have the judgment reversed and a finding made that she is entitled to the higher interest rate. If this were the outcome, the recalculation would be reversed and the new finding could be that she owns 41,509 Series A Preferred shares as previously alleged.

The lawsuit before this Court is premised on the state district court's conclusion that Taylor owns 7,100 Series A Preferred shares. Taylor claims Riley is responsible for the damages Taylor incurred as a result that finding. Taylor's claim is based on the

---

obtained by contacting the Nez Perce County District Court Clerk or via PACER, 1:17-CV-00255-CWD, Docket 4-5.

contention that Riley should have notified her, within the 1995 Letter Agreement, of the requirement that the shareholders vote and approve the higher interest rate.

The motion to stay is made in part on the argument that this lawsuit would become moot should Taylor be successful in her appeal of the state court case. In other words, if the Idaho Supreme Court reverses Judge Brudie's finding regarding the lawful interest rate, the damages Taylor alleges Riley caused would cease to exist. Taylor has argued also that the Idaho Supreme Court should expand the scope of negligent misrepresentation claims to include a cause of action in cases of assumed duty by a lawyer. Currently, the law is limited in application to accountants.

In addition, Taylor requests a limited deposition of Riley during the stay. Taylor claims that, if the stay is granted, Riley may modify answers to questions in this matter based on the outcome of the Idaho Supreme Court appeal. In support of her argument, Taylor alleges Riley has a history of concealing facts and refusing to be deposed in the state court actions related to this controversy.

## DISCUSSION

**1.     Motion to Stay**

The Supreme Court of the United States has held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). The Supreme Court noted that "how this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. (internal citations omitted).

The party requesting the stay bears the burden of showing it is warranted under the circumstances. *Id.* at 257. When exercising discretion to stay a proceeding, courts balance a variety of potentially competing interests. *Savage v. United States*, 225 F. Supp. 3d 1159, 1161 (C.D. Cal. 2016). These include: "[T]he possible damage which may result [to the party opposing a stay] from the granting of a stay, the hardship or inequity which a party [seeking a stay] may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id. (*citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The Court begins "with the reasonable assumption that any delay in proceedings inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Consumer Fin. Prot. Bureau v. Future Income Payments, LLC*, No. 8:17-CV-00303-JLS-SS, 2017 WL 2190069, at *9 (C.D. Cal. May 17, 2017).

A stay is not warranted in this case. Although it is possible that the outcome of Taylor's appeal to the Idaho Supreme Court could make this action unnecessary regarding her interest in collecting damages from Riley, the outcome would not moot the case. A ruling from the Court or verdict of a jury would stand as an independent determination of whether Riley committed any of the acts Taylor has alleged against him.

At this time, the possibility that the Idaho Supreme Court will reverse the judgment in the state action to which Riley is not a party is just that—a possibility. For example, it is also possible that the case will be remanded with instructions. Or, that the holding will be reversed in part and upheld in part. Or, that the holding will modified, or

affirmed in full. It is not typical for a court to stay an action just because of the mere possibility that the outcome of an appeal in another action may change the utility of the case at hand for one of the parties.

The Court further notes that Riley's Motion for Summary Judgment is pending before the Court. (Dkt. 26) In the motion, Riley argues in part that each claim is barred by the applicable statute of limitations. Were the Court to find that each claim is indeed barred, a final judgment would issue and the outcome of the pending state court appeal would have no effect on the future utility of this case for Taylor.

Regardless of these two potential outcomes, this case was filed by Taylor based on the facts and conclusions arrived at in Judge Brudie's final, binding judgment. Taylor filed this lawsuit with full knowledge of Judge Brudie's binding judgment, which was issued more than two years ago. The Court is thus unconvinced that a stay would serve any compelling interest.

## CONCLUSION

## <u>ORDER</u>

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion to Stay (Dkt. 9) is **DENIED**.

2) Plaintiff's request to permit a limited deposition of the Defendant during the stay is **DENIED**.

Dated: **September 07, 2017**

Honorable Candy W. Dale
United States Magistrate Judge